Mark B. **WEINRAUB**, Plaintiff–Appellant,

v.

GLEN RAUCH SECURITIES, INC., Bear Stearns & Co., NASD Dispute Regulation, Inc., Valley National Bank, Mark Mendley, Jointly and Sev-

of New York, sitting by designation.

erally, David C. Carter, Jointly and Severally and David R. Bolnick, Jointly and Severally, Defendants–Appellees.

No. 05–6093–CV.

United States Court of Appeals, Second Circuit.

May 9, 2006.

* The Hon. Richard M. Berman, United States District Judge for the Southern District of

Allen Paul Weinraub, Rouses Point, NY, for Appellant.

David S. Smith (Alice K. Jump, on the brief), Smith Campbell, LLP, New York, NY, for Defendants–Appellees Glen Rauch Securities, Inc., Bear Stearns & Co., and Valley National Bank.

Terri L. Reicher (Andreas A. Borgeas, on the brief), National Association of Securities Dealers, Inc., Washington, D.C., for Defendants–Appellees NASD Dispute Resolution, Inc., Mark Mendley, David C. Carter and David R. Bolnick.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI Circuit Judges and RICHARD M. BERMAN, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Mark B. Weinraub ("plaintiff") appeals from an order entered on October 12, 2005 by the District Court, *Weinraub v. Glen Rauch Securities, Inc.*, 399 F.Supp.2d 454 (S.D.N.Y.2005), granting defendants-appellees' motions to dismiss plaintiff's federal claims, declining to exercise supplemental jurisdiction over remaining state law claims, and ordering plaintiff and his counsel, Allen Paul Weinraub ("Weinraub"), to show cause why Rule 11 sanctions should not be imposed. Plaintiff further appeals the District Court's order entered December 12, 2005, provisionally imposing Rule 11 sanctions against Weinraub in the total amount of $40,144.53. We assume the parties' famil-

New York, sitting by designation.

iarity with the facts and procedural history of this case.

We review *de novo* a district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), viewing the facts in the light most favorable to the non-moving party, who in this case was plaintiff. *See, e.g., Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001). We review for abuse of discretion a district court's decision not to exercise supplemental jurisdiction over state law claims that remain after any federal claims have been dismissed. *See, e.g., Singer v. Fulton County Sheriff,* 63 F.3d 110, 114 (2d Cir. 1995).

Upon our review of the record, we hold that the District Court neither erred in dismissing plaintiff's federal claims nor abused its discretion in declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Therefore, substantially for the reasons stated in the careful and comprehensive opinion of the District Court entered October 12, 2005, we conclude that judgment for the defendants was appropriate.

With respect to the District Court's separate order entered December 12, 2005 concerning Rule 11 sanctions, defendants-appellees Glen Rauch Securities, Inc., Bear Stearns & Company, and Valley National Bank contend that we lack jurisdiction to review this judgment because it was a provisional, rather than a final, order of sanctions against Weinraub. *See* Br. of Defs.-Appellees Glen Rauch Securities et al., at 23 (citing *Pannonia Farms, Inc. v. USA Cable,* 426 F.3d 650 (2d Cir.2005)). Defendants–Appellees are correct that plaintiff filed his Amended Notice of Appeal on January 6, 2006, before the amount of the Rule 11 sanction was finalized.[2] Thus, although we are sympathetic with the District Court's decision to impose sanctions against Weinraub for his pattern of engaging in frivolous litigation, we lack jurisdiction to review the District Court's order entered December 12, 2005 because the amount of the penalty was not final. *See Krumme v. WestPoint Stevens Inc.,* 143 F.3d 71, 87 (2d Cir.1998) (declining to exercise pendent appellate jurisdiction and holding that "we have no jurisdiction, under 28 U.S.C. § 1291, to review a grant of attorney's fees and costs until the amount of the fees and costs has been set").[3]

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and found each of them to be without merit. Accordingly, we AFFIRM the judgment of the District Court on the merits of plaintiff's claims. We DISMISS for lack of jurisdiction plaintiff's challenge to the District Court's December order entered December 12, 2005, provisionally imposing Rule 11 sanctions against plaintiff's counsel.

---

**2.** In an order entered February 22, 2006, the District Court adjusted the amount of the sanction downward from $40,144.53 to $10,000. Since that time, plaintiff has not amended his Notice of Appeal.

**3.** We cannot review the District Court's February 22, 2006 order finalizing the amount of the Rule 11 sanctions because plaintiff failed to file a Notice of Appeal, despite receiving a Notice of Right to Appeal the February 22, 2006 order.