**CAROLYN RAK**, Individually and as Parent and Natural Guardian of T.H., an Infant, Respondent, v **COUNTRY FAIR, INC.**, et al., Respondents, and **GERNATT ASPHALT PRODUCTS, INC.**, Appellant. [831 NYS2d 794]—

Appeal from an order of the Supreme Court, Erie County

(Patrick H. NeMoyer, J.), entered June 15, 2006 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Gernatt Asphalt Products, Inc. for summary judgment dismissing the supplemental complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff slipped and fell on the sidewalk of premises owned by defendants Country Fair, Inc., Prime Realty, Inc. and Prime Realty II, Inc. (collectively, Country Fair), and she commenced this action, individually and on behalf of her infant son, to recover damages for her own injuries resulting from that fall as well as those resulting from the premature birth of her son. Country Fair had contracted with Gernatt Asphalt Products, Inc. (defendant) to plow snow from the parking lot of the premises and, following discovery, defendant moved for summary judgment dismissing the "supplemental" complaint and cross claims against it. We conclude that Supreme Court properly denied defendant's motion.

Although "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Cooper v Time Warner Entertainment-Advance/Newhouse Partnership*, 16 AD3d 1037 [2005]), one exception to that general rule is "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (*Espinal*, 98 NY2d at 140; *see Anderson v Jefferson-Utica Group, Inc.*, 26 AD3d 760, 760-761 [2006]). Here, defendant failed to meet its burden on the motion because it failed to establish as a matter of law that it "did not perform any snow removal operations with respect to the condition that caused . . . plaintiff's injury [or those of plaintiff's son], or, alternatively, that if [it] did perform such operations, those efforts did not create or exacerbate a dangerous condition" (*Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 337 [2004]). Indeed, by submitting evidence that defendant's snowplow operator plowed snow onto the sidewalk where plaintiff fell, defendant submitted evidence that its snowplow operator "create[d] an unreasonable risk of harm to others, or increase[d] that risk" (*Church*, 99 NY2d at 111; *see e.g. Reznicki v Strathallan Hotel, Inc.*, 12 AD3d 156, 157 [2004]; *Dappio v Port Auth. of N.Y. & N.J.*, 299 AD2d 310, 311-312 [2002]). Thus, because defendant failed to meet its initial burden, the burden never shifted to plaintiff to raise a triable issue of fact (*see gen-*

*erally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.