■ SCOTT SCHINDLER et al., Appellants, v CHARLES D. AHEARN et al., Respondents. [894 NYS2d 462]—

The plaintiff Scott Schindler (hereinafter the plaintiff), an experienced elevator mechanic and inspector, entered the defendants' premises to perform an annual elevator inspection. He was accompanied by a colleague who was there to repair the elevator. The plaintiff and his colleague identified a problem with the "coupling," a component of, inter alia, the elevator's braking system. Despite his awareness of the danger posed by a faulty coupling, the plaintiff stepped into the elevator's cab to make an entry on its inspection certificate, whereupon the cab

descended precipitously, injuring him. He brought this action against the defendants on the basis of premises liability, and his wife asserted a derivative cause of action. The Supreme Court found that no triable issue of fact existed, and granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

To sustain a cause of action alleging negligence, "a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries" (*Engelhart v County of Orange,* 16 AD3d 369, 371 [2005]). Where the plaintiff fails to establish a duty of care, "there is no breach and no liability" (*id.* at 371). Where, as here, a plaintiff is a worker whose claim is based upon premises liability, the landowner's duty is to provide the worker with a safe place to work (*see Gasper v Ford Motor Co.,* 13 NY2d 104, 110 [1963]). However, the landowner need not guard against hazards inherent in the worker's work, hazards caused by the condition the worker is engaged to repair, or hazards which are readily observed by someone of the worker's age, intelligence, and experience (*id. at* 110). Here, the plaintiffs failed to rebut the defendants' prima facie showing that the danger posed by a faulty coupling was known or apparent to the plaintiff before he stepped into the cab of the defendants' elevator. Accordingly, the Supreme Court correctly determined that the defendants demonstrated that they did not violate any duty to the plaintiff and were, therefore, entitled to summary judgment dismissing the complaint.

In light of our determination, we need not reach the parties' remaining contentions. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.