■ WESLEY MOJICA et al., Respondents, v GANNETT COMPANY, INC., Appellant and MANUEL QUEZADA, Respondent, et al., Defendant. [897 NYS2d 212]—

In an action to recover damages for personal injuries, etc., the defendant Gannett Company, Inc., appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered

January 16, 2009, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Gannett Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On May 12, 2005, at approximately 5:30 A.M., the defendant Manuel Quezada, while driving alone in his motor vehicle in Armonk, observed deer in the path of his car and swerved to avoid them. As a result, his motor vehicle left the road and came to rest on its side at the bottom of a steep embankment.

Quezada had been delivering newspapers produced by the defendant The Journal News (hereinafter Journal) and distributed by the defendant Gannett Company, Inc. (hereinafter Gannett). At the time of the accident, he was about halfway through completing his delivery route. Quezada, uninjured, climbed out of his car and asked a passing motorist to call Gannett's office about the accident. Quezada did not ask the motorist to contact the police.

Gannett and Quezada had entered into a home delivery service agreement (hereinafter the agreement) effective January 10, 2005, in which Quezada was identified as an independent contractor. The agreement specified that Gannett did not control the means, manner, or mode by which Quezada delivered the Journal other than requiring that the newspapers be delivered in a timely manner by 6:00 A.M. during the week.

Quezada remained at the scene until Italo Ordonez, an assistant district sales manager at Journal, arrived. Ordonez had been informed by his manager that Quezada had an accident, and that he should assist Quezada with completing the delivery of the Journal newspapers. When Quezada and Ordonez left the scene, Quezada's vehicle remained down in the embankment on its side with a note on the windshield left by Ordonez indicating that the driver had not been injured and would return for the vehicle.

The plaintiff Wesley Modica (hereinafter the plaintiff), a Town of North Castle police officer, subsequently responded to the accident scene. Observing Quezada's vehicle at the bottom of the embankment and uncertain whether there were any occupants inside upon observing a cracked windshield, the plaintiff attempted to climb down the embankment and reach the vehicle to assist any injured occupants. While climbing down the embankment to reach the vehicle, the plaintiff allegedly fell and was injured.

The plaintiff and his wife commenced this action against Quezada, Gannett, and the Journal. After the note of issue was filed, Gannett moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. We reverse.

"To sustain a cause of action alleging negligence, 'a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries' " (*Schindler v Ahearn*, 69 AD3d 837, 838 [2010], quoting *Engelhart v County of Orange*, 16 AD3d 369, 371 [2005]). If there is no duty of care owed by the defendant to the plaintiff, there can be no breach and, consequently, no liability can be imposed upon the defendant (*see Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *Schindler v Ahearn*, 69 AD3d at 838; *Engelhart v County of Orange*, 16 AD3d at 371).

Whether a duty of care is owed by one person to another is a question of law (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1 [1988]; *Engelhart v County of Orange*, 16 AD3d 369 [2005]). In general, an entity has no duty to control a third party's conduct so as to prevent injury to another unless special circumstances exist in which the entity has sufficient authority and control over the conduct of that third party (*see Engelhart v County of Orange*, 16 AD3d 369 [2005]). Only then can a duty be imposed (*id.*). "One who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done" (*Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549 [2008]).

Here, Gannett established that, even if Quezada owed a duty to the plaintiff, it had no control over Quezada. Moreover, Gannett's employee, Ordonez, had no duty to remain at the scene of the accident or to contact the police. Consequently, Gannett established its prima facie entitlement to judgment as a matter of law by demonstrating that it owed no duty of care to the plaintiff (*see Pulka v Edelman*, 40 NY2d 781 [1976]; *Schindler v Ahearn*, 69 AD3d 837 [2010]; *Engelhart v County of Orange*, 16 AD3d 369 [2005]). In opposition to Gannett's prima facie showing, the plaintiffs and Quezada failed to raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Thus, the Supreme Court should have granted Gannett's motion for summary judgment. Skelos, J.P., Eng, Belen and Austin, JJ., concur.