■ YVETTE COLLINS, Respondent, v WESTCHESTER COUNTY AIRPORT et al., Defendants, and SIGNATURE FLIGHT SUPPORT CORPORATION, Appellant. [920 NYS2d 700]—

In an action to recover damages for personal injuries, the defendant Signature Flight Support Corporation appeals from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered January 25, 2010, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Signature Flight Support Corporation for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff, an experienced flight attendant, allegedly was injured when she was walking on a ramp where several

airplanes were parked and was knocked over by a jet blast from one of the airplanes (hereinafter the subject airplane) when its engine was started. The plaintiff commenced this action to recover damages for personal injuries against, among others, Signature Flight Support Corporation (hereinafter the defendant), which leased the ramp and provided certain services to the airplanes using the ramp, such as fueling and deicing, but which did not own, operate, or control the subject airplane.

The defendant met its prima facie burden of demonstrating its entitlement to judgment as a matter of law by establishing that it did not owe a duty to the plaintiff to protect her from the subject jet blast (cf. *Pulka v Edelman*, 40 NY2d 781, 783 [1976]; *Stone v Williams*, 97 AD2d 509, 509-510 [1983], *affd on other grounds* 64 NY2d 639 [1984]; *see generally Matter of New York City Asbestos Litig.*, 5 NY3d 486 [2005]; *Mojica v Gannett Co., Inc.*, 71 AD3d 963 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.