# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**448**

**CA 12-02120**

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

SCOTT A. WENDT, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BENT PYRAMID PRODUCTIONS, LLC,
ET AL., DEFENDANTS,
AND RIDGEWAY & CONGER, INC.,
DEFENDANT-APPELLANT.

---

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RYAN MCPARLAND OF COUNSEL),
FOR DEFENDANT-APPELLANT.

THE PEARL LAW FIRM, P.A., PITTSFORD (JASON J. KANE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), dated May 21, 2012. The order denied the
motion of defendant Ridgeway & Conger, Inc. for summary judgment
dismissing the complaint against it.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint against defendant Ridgeway & Conger, Inc. is
dismissed.

Memorandum: Plaintiff commenced this action seeking damages for
losses that he sustained as a result of failed financial investments.
In the complaint, plaintiff advanced one cause of action against
defendant Ridgeway & Conger, Inc. (Ridgeway), which plaintiff concedes
sounds in common-law negligence, i.e., the negligent supervision of
defendant Ronald H. Sirota (Sirota). Ridgeway moved for summary
judgment dismissing the complaint against it, and Supreme Court denied
the motion. We reverse.

We note as background that plaintiff retained defendant Strategic
Financial Planning, Inc. (SFP) to provide him with investment advice.
Sirota, who owned and operated SFP, was a registered representative of
Ridgeway, a broker-dealer that is a member of the Financial Industry
Regulatory Agency (FINRA), a self-regulatory industry organization.
It is undisputed that, at all relevant times, Sirota's relationship
with Ridgeway was that of an independent contractor. During the
course of Sirota's association with Ridgeway, Sirota advised plaintiff
to invest in certain security and investment vehicles that were not
publicly traded. There is also no dispute that Ridgeway had no

knowledge of these outside business activities by Sirota, made no recommendations to plaintiff with respect thereto and received no compensation as a result thereof.

To establish a cause of action for common-law negligence, "a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries" (*Schindler v Ahearn*, 69 AD3d 837, 838 [internal quotation marks omitted]). "If there is no duty of care owed by the defendant to the plaintiff, there can be no breach and, consequently, no liability can be imposed upon the defendant" (*Mojica v Gannett Co., Inc.*, 71 AD3d 963, 965; *see Pulka v Edelman*, 40 NY2d 781, 782, *rearg denied* 41 NY2d 901). The issue whether one person owes a duty of care to "reasonably avoid injury" to another is a question of law for the courts (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8, *rearg denied* 72 NY2d 953). "In general, an entity has no duty to control a third party's conduct so as to prevent injury to another unless special circumstances exist in which the entity has sufficient authority and control over the conduct of that third party . . . Only then can a duty be imposed" (*Mojica*, 71 AD3d at 965).

Additionally, it is well settled that, "[o]rdinarily, a principal is not liable for the acts of independent contractors in that, unlike the master-servant relationship, principals cannot control the manner in which the independent contractors' work is performed" (*Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381, *rearg denied* 87 NY2d 862). Although there are exceptions to that general rule (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668, *rearg dismissed* 82 NY2d 825), we conclude that none apply to the circumstances presented here. Although plaintiff's claim sounds in negligent supervision, one of the recognized exceptions (*see Kleeman v Rheingold*, 81 NY2d 270, 274), it is well settled that "the mere retention of general supervisory powers over an independent contractor cannot form a basis for the imposition of liability against the principal" (*Goodwin v Comcast Corp.*, 42 AD3d 322, 323; *see Melbourne v New York Life*, 271 AD2d 296, 297). Ridgeway established its prima facie entitlement to judgment as a matter of law by demonstrating that it owed no duty of care to plaintiff to supervise or control Sirota, an independent contractor, and that it could not be vicariously liable for the investment advice Sirota provided to plaintiff because it did not direct or control the provision of such advice (*see Mojica*, 71 AD3d at 965). In opposition to Ridgeway's prima facie showing, plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We reject plaintiff's contention that industry standards or the rules and regulations of FINRA imposed a duty of care on Ridgeway sufficient to support a private cause of action under New York common law for negligent supervision (*see In re Apple REITs Litigation*, 2013 WL 1386202, * 15 n 12; *Richman v Goldman Sachs Group, Inc.*, 868 F Supp 2d 261, 275; *Weinraub v Glen Rauch Sec., Inc.*, 399 F Supp 2d 454, 462, *affd* 180 Fed Appx 233; *see also de Kwiatkowski v Bear, Stearns & Co., Inc.*, 306 F3d 1293, 1311).

We note that, contrary to plaintiff's contention advanced during

oral argument on appeal, our review of the record and the parties' briefs reveals that the issue of duty was not raised for the first time in defendant's reply brief; rather, that issue was clearly raised in the main brief of defendant.  In light of our determination, we do not address Ridgeway's remaining contentions.

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court