■ GERALDINE MILLER et al., Respondents, v INFOHIGHWAY COMMUNICATIONS CORP. et al., Respondents-Appellants, and BANCKER CONSTRUCTION CORP., Appellant-Respondent. [981 NYS2d 797]—

In an action to recover damages for personal injuries, etc., the defendant Bancker Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 19, 2012, as granted, in part, that branch of the motion of the defendants Infohighway Communications Corp. and A.R.C. Networks, Inc., which was for summary judgment on their cross claim for common-law

indemnification against it, and the defendants Infohighway Communications Corp. and A.R.C. Networks, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them and denied, in part, that branch of their motion which was for summary judgment on their cross claim for common-law indemnification against the defendant Bancker Construction Corp.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Infohighway Communications Corp. and A.R.C. Networks, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof determining that branch of the motion of the defendants Infohighway Communications Corp. and A.R.C. Networks, Inc., which was for summary judgment on their cross claim for common-law indemnification against the defendant Bancker Construction Corp., and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendants Infohighway Communications Corp. and A.R.C. Networks, Inc.

A.R.C. Networks, Inc., which does business as Infohighway Communications Corp. (hereinafter together the Infohighway defendants), was hired by the New York State Unified Court System to install a high-speed telecommunications network known as CourtNet, which could be accessed from all of the courthouses in the state. In order to provide CourtNet access to the Kings County courthouses, trenches had to be excavated in various roadways for the laying of fiber optic cable. The Infohighway defendants subcontracted the roadway construction work in Brooklyn to the defendant Bancker Construction Corp. (hereinafter Bancker), which work included excavation, conduit installation, and permanent restoration of the roads.

Several years after the completion of the project, the injured plaintiff allegedly tripped and fell over a raised portion of the roadway surface in the area where it had been excavated and restored by Bancker. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the Infohighway defendants and Bancker, alleging that they failed to properly restore and make level the roadway alongside where the trench had been excavated.

The Infohighway defendants moved for summary judgment dismissing the complaint insofar as asserted against them and, inter alia, on a cross claim they asserted against Bancker for common-law indemnification. The Supreme Court denied that branch of the Infohighway defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the motion which was for summary judgment on their cross claim for common-law indemnification "except to the extent that [the Infohighway defendants] are found by a jury to have been negligent in their own right."

The Infohighway defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that they owed no duty to the injured plaintiff. "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Bono v Halben's Tire City, Inc.*, 84 AD3d 1137, 1139 [2011]). Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Bono v Halben's Tire City, Inc.*, 84 AD3d at 1139). However, one exception to this general rule exists where "the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [internal quotation marks omitted]).

Here, the Infohighway defendants demonstrated that they subcontracted to Bancker the construction work on the roadway on which the injured plaintiff fell, including the work of restoring that roadway, and that the extent of their involvement in the construction work was limited to receiving regular updates from Bancker and conducting an inspection of the work after it was performed. The Infohighway defendants thereby demonstrated that they did not perform the work that allegedly caused the injured plaintiff's accident and that the work was performed by their independent contractor (*see Mojica v Gannett Co., Inc.*, 71 AD3d 963, 965 [2010]; *Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549 [2008]). Accordingly, the Infohighway defendants did not create, and cannot be charged with creating, the allegedly dangerous condition, or with otherwise launching a force or instrument of harm that caused the injured plaintiff's accident (*see George v Marshalls of MA, Inc.*, 61 AD3d 925, 929 [2009]; *Cardozo v Mayflower Ctr., Inc.*, 16 AD3d 536, 538 [2005];

*see also Mojica v Gannett Co., Inc.*, 71 AD3d at 965; *Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d at 549). Further, since the plaintiffs did not allege facts in their complaint or bill of particulars that would establish that any of the other exceptions to the general rule set forth in *Espinal* and its progeny applied in the present case, the Infohighway defendants were not required, in their motion, to negate the possible applicability of any of those exceptions (*see Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813, 814 [2012]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, they failed to raise a triable issue of fact as to the existence of any recognized exception to the independent contractor rule (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Soussi v Gobin*, 87 AD3d 580, 581 [2011]; *Steel v City of New York*, 271 AD2d 435, 436 [2000]; *Davies v Contel of N.Y.*, 187 AD2d 898, 900 [1992]; *see also Liberty Mut. Fire Ins. Co. v Akindele*, 65 AD3d 673 [2009]; *MacDonald v Heuer*, 253 AD2d 795 [1998]; cf. *Wright v Tudor City Twelfth Unit*, 276 NY 303 [1938]; *Beck v Woodward Affiliates*, 226 AD2d 328, 330 [1996]).

Accordingly, the Supreme Court should have granted that branch of the Infohighway defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and should have denied, as academic, that branch of the Infohighway defendants' motion which was for summary judgment on their cross claim for common-law indemnification against Bancker, in which the Infohighway defendants sought the full amount of any judgment the plaintiff obtained against them. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.