■ Eleanor Leonard, Respondent, v Capital One Financial Corp., Defendant/Third-Party Plaintiff-Respondent, and

MACKENZIE GROUP, INC. Defendant/Third-Party Defendant-Appellant. [1 NYS3d 847]—

In an action to recover damages for personal injuries, the defendant MacKenzie Group, Inc., appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated October 2, 2013, as denied its cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it and dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the cross motion of the defendant MacKenzie Group, Inc., for summary judgment dismissing the complaint and cross claims insofar as asserted against it and dismissing the third-party complaint is granted.

The plaintiff allegedly was injured when he tripped and fell over a dangerous and defective door saddle at a bank branch of the defendant Capital One Financial Corp. (hereinafter the bank). The plaintiff commenced this action against the bank. The bank then commenced a third-party action against Mac-Kenzie Group, Inc. (hereinafter MacKenzie), which had performed work on various doors and door saddles at the bank, and the plaintiff then added MacKenzie as a defendant. Mac-Kenzie moved for summary judgment dismissing the complaint and cross claims insofar as asserted against it and dismissing the third-party complaint. The Supreme Court denied the motion. We reverse.

MacKenzie established its prima facie entitlement to judgment as a matter of law by showing that it did not install or repair the particular saddle on which the plaintiff tripped (see *Miller v Infohighway Communications Corp.*, 115 AD3d 713 [2014]). In opposition, the plaintiff and the bank failed to raise a triable issue of fact (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court erred in denying Mac-Kenzie's motion for summary judgment. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.