■ CRAIG TSCHETTER et al., Plaintiffs, v SAM LONGS' LAND-SCAPING, INC., Appellant, and GRAND ISLAND CENTRAL SCHOOL DISTRICT, Respondent. [68 NYS3d 292]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 6, 2017. The order, among other things, denied those parts of the motion of defendant Sam Longs' Landscaping, Inc. for summary judgment seeking indemnification from defendant Grand Island Central School District and dismissing the District's cross claim against it for indemnification.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In 2009, defendants, Grand Island Central School District (District) and Sam Longs' Landscaping, Inc. (SLL), entered into an agreement whereby SLL was to excavate and repair a drainage ditch that was causing flooding in one of the District's school buildings. The agreement provided, inter alia, that SLL would obtain any "necessary permits" for the work. The work was completed by SLL, and the District paid the agreed-upon price.

Thereafter, plaintiffs commenced the instant action against, inter alia, the District and SLL, alleging that a portion of the drainage ditch was located on their property and altered without their knowledge or consent. They further alleged that the change in the drainage ditch resulted in damages to them.

After discovery, SLL moved for summary judgment seeking indemnification from the District, as well as for leave to amend its answer to "re-assert" its cross claim for indemnification against the District in the event that Supreme Court deemed such amendment necessary. SLL also sought summary judgment dismissing the District's cross claim against it for indemnification. SLL argued that the District was the party actively at fault and should indemnify SLL for any damages flowing from any trespass that occurred at its request, was for its benefit, and was necessary to complete the contract. The District cross-moved for summary judgment on its cross claim against SLL for indemnification, arguing that SLL was the party required under the agreement to acquire permission to do the work on plaintiffs' property. The court granted only that part of SLL's motion seeking leave to amend its answer and otherwise denied the motion. The court also denied the District's cross motion. SLL appeals from the order insofar as

it denied those parts of its motion seeking indemnification against the District and dismissal of the District's cross claim for indemnification.

We conclude that the court properly denied the motion of SLL insofar as it sought indemnification from the District and dismissal of the District's cross claim for indemnification. In addition, although the District has not appealed from the order insofar as the court denied its cross motion, the District asks us to search the record and grant the cross motion (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]), which we decline to do.

The general rule in New York is that a party who retains an independent contractor is not liable for the independent contractor's negligent acts (*see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]). "The primary justification for this rule is that 'one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor' " (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257-258 [2008], quoting *Kleeman*, 81 NY2d at 274). There are various exceptions to that general rule including, as relevant to the instant case, that an owner may be liable for trespass if the owner directs the trespass or a trespass is necessary to complete the contract (*see Gracey v Van Camp*, 299 AD2d 837, 838 [4th Dept 2002]; *Axtell v Kurey*, 222 AD2d 804, 805 [3d Dept 1995], *lv denied* 88 NY2d 802 [1996]).

SLL's submissions in support of its motion and in opposition to the District's cross motion established that the District, not SLL, decided the work that needed to be performed, that the District knew that the work required going beyond the District's property line, that the District did not have a property right permitting it to clean the ditch on plaintiffs' property, and that the District did not inform SLL that performing the work would result in a trespass. On the other hand, the District's submissions in support of its cross motion and in opposition to SLL's motion established that SLL, as an independent contractor, determined what work needed to be done on the ditch to remedy the situation, and that SLL identified in a written cost estimate the area of the ditch that needed to be cleaned and the proposed scope of the work. The District also submitted evidence that it did not direct the performance of any of the work, and it highlights that part of the agreement providing that SLL was required to obtain any necessary permits to perform the work. Given the above submissions, we

conclude that it cannot be determined as a matter of law whether the District directed SLL to do the work on plaintiffs' property and whether a trespass was necessary to complete the contract. Thus, neither party is entitled to summary judgment on its respective indemnification claim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. Brown v Arcady Realty Corp.*, 1 AD3d 753, 756 [3d Dept 2003], *lv denied* 3 NY3d 606 [2004]).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.