Rojas v 1000 42nd St., LLC (2018 NY Slip Op 02194)





Rojas v 1000 42nd St., LLC


2018 NY Slip Op 02194


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-03107
 (Index No. 503986/15)

[*1]Josefina Rojas, respondent, 
v
1000 42nd Street, LLC, appellant.


Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (John S. Manessis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated February 17, 2017, which denied its motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On September 21, 2014, the plaintiff allegedly slipped and fell on a piece of cardboard at the bottom of a staircase in the basement of a multi-tenant residential building in Brooklyn. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendant, the owner of the building.
At her deposition, the plaintiff testified that at the time of the accident she was employed by a nonparty to clean the subject building. Her duties included the weekly removal of garbage and material to be recycled from the basement of the building. The plaintiff was engaged in the performance of that task when the accident occurred. When asked what caused her to fall, she explained that "there was a lot of garbage" in the basement, including "cardboard all around."
Where, as here, the plaintiff is a worker whose claim is based upon premises liability, the landowner's duty is to provide the worker with a safe place to work. A landowner "need not guard against hazards inherent in the worker's work, hazards caused by the condition the worker is engaged to repair, or hazards which are readily observed by someone of the worker's age, intelligence, and experience" (Schindler v Ahearn, 69 AD3d 837, 838).
Under the circumstances here, the defendant established its prima facie entitlement to judgment as a matter of law by showing that the risk of slipping on a piece of cardboard in the building's basement was inherent in the plaintiff's work (compare Wagner v Wody, 98 AD3d 965, 966; Schindler v Ahearn, 69 AD3d at 838; Imtanios v Goldman Sachs, 44 AD3d 383, 385-386; Steiner v Benroal Realty Assocs., L.P., 290 AD2d 551; Marin v San Martin Rest., 287 AD2d 441, [*2]and Abbadessa v Ulrik Holding, 244 AD2d 517; with Vega v Restani Const. Corp., 18 NY3d 499, 505-506). The plaintiff, in opposition, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court