Lorquet v Timoney Tech. Inc. (2020 NY Slip Op 06590)





Lorquet v Timoney Tech. Inc.


2020 NY Slip Op 06590


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


552 CA 19-01018

[*1]MARK C. LORQUET AND HELEN LORQUET, PLAINTIFFS-RESPONDENTS,
v
TIMONEY TECHNOLOGY INC., AND DEVON FACILITY MANAGEMENT LLC, DEFENDANTS-APPELLANTS. 






NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANT-APPELLANT TIMONEY TECHNOLOGY INC.
LAW OFFICES OF JOHN WALLACE, BUFFALO (JAMES J. NAVAGH OF COUNSEL), FOR DEFENDANT-APPELLANT DEVON FACILITY MANAGEMENT LLC.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeals from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered April 22, 2019. The order denied the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Mark C. Lorquet (plaintiff) when he slipped and twisted his knee while stepping over a "wind row" of snow in the parking lot at his place of work. Plaintiff's employer had contracted with defendant Devon Facility Management LLC (Devon) for property maintenance services, including snow and ice removal from the parking lot, and Devon subcontracted the snow and ice removal work to defendant Timoney Technology Inc. (Timoney). Timoney moved for summary judgment dismissing the complaint and Devon's cross claims against it, and Devon moved for summary judgment dismissing the complaint against it and, alternatively, for summary judgment on its second cross claim against Timoney, for contractual indemnification. Timoney and Devon now appeal from an order that denied both motions. We affirm.
Contrary to Timoney's contention, Supreme Court properly determined that Timoney failed to meet its initial burden on its motion of establishing that it owed no duty to plaintiff based on a storm in progress at the time of the incident. The evidence submitted by Timoney in support of its motion failed to establish that Timoney's workers did not create or exacerbate the allegedly hazardous condition that caused plaintiff's injuries (see Garrett v 1030 E. Genesee Co., 169 AD3d 1433, 1433-1434 [4th Dept 2019]; DeMonte v Chestnut Oaks at Chappaqua, 134 AD3d 662, 664 [2d Dept 2015]; see generally Smith v United Ref. Co. of Pennsylvania, 148 AD3d 1733, 1734 [4th Dept 2017]). Timoney's representative testified at his deposition that Timoney did not keep records or time sheets establishing what work was done, or by whom, on a particular day, and thus Timoney could not offer any evidence that its workers did not engage in snowplowing efforts on the day in question or, if they did so, that they kept the parking lot free of wind rows, as required by the subcontract (see generally Rak v Country Fair, Inc., 38 AD3d 1240, 1241 [4th Dept 2007]).
Timoney likewise failed to meet its burden of establishing that it owed no duty of care to plaintiff on the ground that plaintiff is not a party to the subcontract. "As a general rule, a contractual obligation, standing alone, does not give rise to tort liability in favor of a third party" (Grove v Cornell Univ., 151 AD3d 1813, 1815 [4th Dept 2017]). Timoney asserted that none of the Espinal exceptions to that general rule applies (see generally Espinal v Melville Snow [*2]Contrs., 98 NY2d 136, 140 [2002]), but it is well settled that a contractor who creates or exacerbates a hazardous snow condition by plowing may be held liable to a third party under the first Espinal exception, for launching a force or instrument of harm (see Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1403 [4th Dept 2018]; Meyers-Kraft v Keem, 64 AD3d 1172, 1173-1174 [4th Dept 2009]; Rak, 38 AD3d at 1241). In light of Timoney's failure to meet its initial burden, we do not examine the sufficiency of the plaintiffs' opposing submissions (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Rak, 38 AD3d at 1241-1242).
Contrary to Timoney's further contention, the court properly denied that part of its motion seeking summary judgment dismissing Devon's cross claim for contractual indemnification. Timoney and Devon agree that the indemnification provision in the subcontract provides that Timoney will indemnify Devon for any claim or injury stemming from Timoney's snowplowing work, even if the claim or injury was partially caused by Devon's negligence. Timoney therefore has no contractual obligation to indemnify Devon for any claim or injury that is solely attributable to Devon's negligence. We agree with the court that Timoney failed to establish that its own negligence was not a cause of the accident, and thus that Timoney failed to establish as a matter of law that plaintiff's injuries were solely attributable to Devon's negligence (see generally Chamberlain, 160 AD3d at 1403-1404).
Contrary to Devon's contention on its appeal, the court properly determined that Devon is not entitled to summary judgment dismissing the complaint against it. Devon contends that it is entitled to summary judgment because it owed no duty of care to plaintiff, and its subcontract with Timoney did not give rise to such a duty. Although "[t]he general rule in New York is that a party who retains an independent contractor is not liable for the independent contractor's negligent acts" (Tschetter v Sam Longs' Landscaping, Inc., 156 AD3d 1346, 1347 [4th Dept 2017], citing Kleeman v Rheingold, 81 NY2d 270, 273-274 [1993]), there is an exception to that rule where there has been negligent supervision on the part of the hiring party (see Wendt v Bent Pyramid Prods., LLC, 108 AD3d 1032, 1033 [4th Dept 2013]). Thus, while "the mere retention of general supervisory powers over an independent contractor cannot form a basis for the imposition of liability against the principal" (Goodwin v Comcast Corp., 42 AD3d 322, 323 [1st Dept 2007]; see Wendt, 108 AD3d at 1033), here, we conclude that there is a question of fact whether Devon's alleged negligence in supervision goes beyond general supervisory authority. Devon's subcontract with Timoney expressly prohibited snow being piled in wind rows in walkways or parking lots, and that directive is also present in the contract between plaintiff's employer and Devon. And yet, contrary to the terms of the contract and subcontract, Devon's representative testified that the practice of creating wind rows was permissible inasmuch as Devon did not expect Timoney to clear the wind rows that were generated against the parked cars when Timoney plowed the driving lanes. The testimony of Devon's representative establishes that Devon affirmatively approved the existence of the wind rows, i.e., the hazardous condition that injured plaintiff, despite the fact that they were contractually prohibited. We cannot conclude, therefore, that Devon established that it had " 'no right to control the manner' " in which the work that created the wind rows was done (Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257 [2008], quoting Kleeman, 81 NY2d at 274).
We also conclude that the court properly denied that part of Devon's motion seeking summary judgment on its cross claim for contractual indemnification inasmuch as Devon failed to establish as a matter of law that plaintiff's injuries are attributable to negligence by Timoney (see generally Winegrad, 64 NY2d at 853). Indeed, there is no evidence in the record how or when the wind row on which plaintiff was injured was created, and any inference whether Timoney was responsible for creating the wind row is one to be made by a factfinder (see generally Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744 [1986]; Seelinger v Town of Middletown, 79 AD3d 1227, 1229-1230 [3d Dept 2010]; Schuster v Dukarm, 38 AD3d 1358, 1359 [4th Dept 2007]).
We have examined defendants' remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court