Martin v County of Westchester (2021 NY Slip Op 03316)





Martin v County of Westchester


2021 NY Slip Op 03316


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2019-13688
 (Index No. 65685/18)

[*1]Cynthia D. Martin, appellant, 
v
County of Westchester, et al., respondents.


Rappaport, Glass, Levine & Zullo, LLP (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated October 16, 2019. The order denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability, without prejudice to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained on September 25, 2017, when her stopped vehicle was struck in the rear by the defendants' vehicle on Interstate 684 in Westchester County. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability, without prejudice to renew upon the completion of discovery. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Arslan v Costello, 164 AD3d 1408, 1409). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1034; Bene v Dalessio, 135 AD3d 679). Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, "'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows'" (Le Grand v Silberstein, 123 AD3d 773, 775, quoting Shamah v Richmond County Ambulance Serv., 279 AD2d 564, 565).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that her vehicle was stopped for the traffic condition ahead when it was struck in the rear by the defendants' vehicle (see Arslan v Costello, 164 AD3d at 1409; Tsyganash v Auto [*2]Mall Fleet Mgt., Inc., 163 AD3d at 1034). In opposition, the defendants failed to raise a triable issue of fact (see Auguste v Jeter, 167 AD3d 560; Mallen v Su, 67 AD3d 974, 975). Contrary to the defendants' contention, that branch of the plaintiff's motion which was for summary judgment on the issue of liability was not premature. The defendants failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence, or that facts essential to justify opposition to that branch of the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Ordonez v Lee, 177 AD3d 756, 757).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
LASALLE, P.J., CHAMBERS, AUSTIN, and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court