Raymond v Hillebert (2021 NY Slip Op 03684)





Raymond v Hillebert


2021 NY Slip Op 03684


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


129 CA 20-00569

[*1]MARY P. RAYMOND, PLAINTIFF-APPELLANT,
v
JON HILLEBERT, ET AL., DEFENDANTS, HOME DELIVERY LINK, INC. AND HOME DELIVERY, INC., DEFENDANTS-RESPONDENTS. 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA, LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 20, 2020. The order granted the motion of defendants Home Delivery, Inc. and Home Delivery Link, Inc. for summary judgment dismissing plaintiff's complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant Home Delivery Link, Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when the motor vehicle in which she was traveling collided with a delivery truck. Supreme Court granted the motion of Home Delivery Link, Inc. (defendant) and defendant Home Delivery, Inc. (Wisconsin entity) for summary judgment dismissing the complaint against them, and plaintiff appeals. Initially, plaintiff does not contend in her brief that the court erred in granting the motion with respect to the Wisconsin entity, and therefore we deem any challenge to that part of the order abandoned (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We agree with plaintiff that the court erred in granting the motion with respect to defendant because defendant failed to establish as a matter of law that the operator of the delivery truck was an independent contractor, not an employee. Therefore, we modify the order accordingly.
An entity that retains an independent contractor generally is not liable for the independent contractor's negligent acts (see Kleeman v Rheingold, 81 NY2d 270, 273-274 [1993]; Tschetter v Sam Longs' Landscaping, Inc., 156 AD3d 1346, 1347 [4th Dept 2017]). Whether a relationship between a delivery company and its drivers " 'is that of employees or independent contractors involves a question of fact as to whether there is evidence of either control over the results produced or over the means used to achieve the results' " (Carlson v American Intl. Group, Inc., 30 NY3d 288, 301 [2017], quoting Matter of Rivera [State Line Delivery Serv.-Roberts], 69 NY2d 679, 682 [1986], rearg dismissed 69 NY2d 823 [1987], rearg denied 69 NY2d 946 [1987], cert denied 481 US 1049 [1987]). Here, defendant's own evidentiary submissions established that defendant rented the delivery truck that was involved in the accident, was empowered to install its own signage on the truck, designed the delivery routes, set the times for the deliveries, and required drivers to submit incident reports following any accidents, thereby raising a question of fact with respect to the nature of the employment relationship (see Carlson, 30 NY3d at 300-301; Edwards v Rosario, 166 AD3d 453, 454 [1st Dept 2018]; Christ v Ongori, 82 AD3d 1031, 1032 [2d Dept 2011]; Anikushina v Moodie, 58 AD3d 501, 501-502 [1st Dept 2009], lv denied 12 NY3d 905 [2009]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court