Toltchelnikova v Community Recycling, LLC (2021 NY Slip Op 04729)





Toltchelnikova v Community Recycling, LLC


2021 NY Slip Op 04729


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-12330
 (Index No. 521421/17)

[*1]Marina Toltchelnikova, plaintiff-respondent,
v
Community Recycling, LLC, et al., defendants -respondents, Key Food Stores Co-operative, Inc., appellant, et al., defendant.


Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Kenneth J. Kutner of counsel), for appellant.
William Pager, Brooklyn. NY, for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 319 Meat Market Corp., incorrectly sued herein as Key Food Stores Co-operative, Inc., appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated November 9, 2019. The order denied, as premature, that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it without prejudice to renew.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant 319 Meat Market Corp., incorrectly sued herein as Key Food Stores Co-operative, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On March 5, 2017, the plaintiff was walking on a sidewalk abutting premises operated by the defendant 319 Meat Market Corp., incorrectly sued herein as Key Food Stores Co-operative, Inc. (hereinafter the defendant), when the wind blew open the door of a parked van, causing it to swing open and strike her. As a result, the plaintiff commenced this action against the defendant, among others, to recover damages for the personal injuries she allegedly sustained. The defendant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not owe the plaintiff a duty of care. The Supreme Court denied the motion, as premature, without prejudice to renew. The defendant appeals.
"[B]efore a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff" (Pulka v Edelman, 40 NY2d 781, 782). "In general, an entity has no duty to control a third party's conduct so as to prevent injury to another unless special circumstances exist in which the entity has sufficient authority and control over the conduct of that third party" (Mojica v Gannett Co., Inc., 71 AD3d 963, 965).
Here, the defendant established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not own, lease, borrow, or operate the van at issue, and that it did not employ, control, direct, or supervise the operator of the van (see Pulka v Edelman, 40 [*2]NY2d 781; Lugo v Brentwood Union Free School Dist., 212 AD2d 582, 583). The opponents of the motion failed to submit evidence sufficient to raise a triable issue of fact. Contrary to the opponents' contention, the motion was not premature. They failed to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant (see CPLR 3212[f]; Sapienza v Harrison, 191 AD3d 1028, 1031). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Cajas-Romero v Ward, 106 AD3d 850, 852 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court