Nationstar Mtge., LLC v Rao (2022 NY Slip Op 01031)





Nationstar Mtge., LLC v Rao


2022 NY Slip Op 01031


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-06776
 (Index No. 710490/17)

[*1]Nationstar Mortgage, LLC, respondent,
v
Kishor K. Rao, appellant, et al., defendants.


Kishor K. Rao, Lackawaxen, Pennsylvania, appellant pro se.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista, Leah Lenz, and Ryan Mitola of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kishor K. Rao appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated March 9, 2018. The order denied, without prejudice to renew, that defendant's motion to compel the plaintiff to accept his late answer and for a temporary restraining order prohibiting the plaintiff from entering a judgment of foreclosure and sale.
ORDERED that the order is affirmed, without costs or disbursements.
On April 29, 2005, the defendant Kishor K. Rao (hereinafter the defendant) executed a note in the amount of $305,280 in favor of nonparty HSBC Mortgage Corporation (hereinafter HSBC). The note was secured by a mortgage on certain real property located in Queens. On January 31, 2017, the plaintiff, HSBC's successor-in-interest, commenced the instant action to foreclose the mortgage against the defendant, among others. The defendant failed to timely answer the complaint.
On January 12, 2018, the defendant moved, by notice of motion, for an extension of time to answer the complaint, and for a temporary restraining order (hereinafter TRO) prohibiting the plaintiff from entering a judgment of foreclosure and sale until the Supreme Court ruled on the motion. In opposition, the plaintiff argued, inter alia, that the motion should have been brought by an order to show cause containing the proposed TRO. In an order dated March 9, 2018, the court denied the defendant's motion "without prejudice, to a new application brought by Order to Show Cause." The defendant appeals.
Initially, contrary to the plaintiff's contention, an order that denies a motion without prejudice to renew is appealable (see e.g. Toltchelnikova v Community Recycling, LLC, 197 AD3d 677; Martin v County of Westchester, 194 AD3d 1036). Thus, the instant order is appealable.
However, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion, without prejudice, on the ground that he failed to bring it in the form of an order to show cause (see CPLR 6301).
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court