■ JOHN MACDONALD, Respondent, v D.G. HEUER, Appellant, et al., Defendant. (And a Third-Party Action.) [677 NYS2d 630] —In an action to recover damages for personal injuries, the defendant D.G. Heuer appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered October 17, 1997, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as asserted against him, and the action against the remaining defendant is severed.

The plaintiff, a sanitation worker for the City of White Plains, commenced the instant action against the appellant homeowner and the defendant Poly Temp Climate Control (hereinafter Poly Temp) to recover damages for personal injuries he allegedly suffered when he slipped and fell while loading the homeowner's discarded refrigerator into a sanitation truck. He alleged that he was caused to slip and fall on freon which had leaked from the refrigerator. Before he discarded the refrigerator, however, the homeowner had hired Poly Temp to remove the freon from the refrigerator, in accordance with local regulations.

The homeowner moved for summary judgment dismissing the complaint insofar as asserted against him, asserting, *inter alia*, that he could not be held liable for the alleged negligence of Poly Temp. The plaintiff opposed the motion, claiming that the homeowner could be held liable for Poly Temp's alleged negligence because the removal of freon from the refrigerator constituted an inherently dangerous task. The Supreme Court denied the appellant's motion. We reverse.

The well-settled general rule is that a principal cannot be held liable for the negligent acts of an independent contractor (*see, Chainani v Board of Educ.*, 87 NY2d 370, 380-381; *Gravelle v Norman*, 75 NY2d 779, 782). One exception to this general rule is "the nondelegable duty" exception, which is applicable, *inter alia*, "where the task at issue is inherently dangerous" (*Chainani v Board of Educ., supra*, at 381; *see,*

*Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668). However, the exception does not apply if "the danger is not one that is inherent in the nature of the contract work" (*Rosenberg v Equitable Life Assur. Socy., supra*, at 669).

In the instant case, the danger of which the plaintiff complains, that Poly Temp allegedly failed to drain all of the freon from the homeowner's refrigerator, is not a danger inherent in the removal of freon from a refrigerator (*see, Rosenberg v Equitable Life Assur. Socy., supra*). Rather, the alleged failure of Poly Temp to drain all the freon constitutes a type of "more or less usual negligence" for which the homeowner is not liable (Prosser and Keeton, Torts, § 71, at 514 [5th ed 1984]). The public policy behind imposing liability on the homeowner for the acts of Poly Temp on the theory that Poly Temp was performing an inherently dangerous task would not be served by applying the doctrine to this case (*see, Rosenberg v Equitable Life Assur. Socy., supra*, at 671). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.