■ In the Matter of MOORES LANE DEVELOPMENT CORP., Respondent-Appellant, v SUFFOLK COUNTY WATER AUTHORITY et al., Appellants-Respondents. [699 NYS2d 739] —In a hybrid proceeding pursuant to CPLR article 78 to compel one or both of the respondents to supply water to the petitioner and an action for a judgment declaring the rights and obligations of the parties and for related relief, (1) the Suffolk County Water Authority appeals from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered August 13, 1998, as, upon granting the petition, directed it to supply water to the petitioner's subdivision, (2) the Village of Greenport separately appeals from so much of the same judgment as, upon granting the petition, directed it to refund the sum of $88,642 to the petitioner, and (3) the petitioner cross-appeals (a) from so much of the same judgment as directed it to pay to the Suffolk County Water Authority additional water hookup fees, and (b), on the ground of insufficiency, from so much of the same judgment as directed the Village of Greenport to refund the sum of only $88,642.

Ordered that the judgment is modified by deleting the provision thereof directing the Village of Greenport to refund the sum of $88,642 to the petitioner and substituting therefor a provision directing the Village of Greenport to refund the sum of $194,012 to the petitioner; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the petitioner by the appellants-respondents.

Pursuant to a contract dated January 18, 1990, the Village of Greenport agreed to provide water to 99 condominium units that the petitioner's predecessor, John Costello, intended to build. In exchange, Costello agreed to pay $2,570 per unit as a "consumer hook-up deposit", and any increases in hookup

charges that were imposed in future years. After Costello built 39 units, he sold the remaining property and assigned the water contract to the petitioner, Moores Lane Development Corp. (hereinafter Moores Lane). In 1994 the Village expressly consented to the assignment and demanded an additional $2,162 per unit as a "water up-front fee" for the remaining 60 units. Subsequently, the Village provided water to 19 units as they were built and connected to its water system.

Pursuant to a contract dated August 27, 1997, the Suffolk County Water Authority (hereinafter the SCWA) purchased the water distribution system outside the Village boundaries. After the Village and the SCWA each denied responsibility for supplying water to the remaining 41 units, which were located outside the Village limits, Moores Lane commenced this proceeding seeking, *inter alia*, to compel either the Village or the SCWA or both to supply water service.

The Supreme Court properly determined that the SCWA assumed the obligation to provide water service when it purchased the water distribution system from the Village. It is well established that the interpretation of an unambiguous contract is a function for the court and "matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (*Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). Here, the intent of the parties can be determined from the 1997 contract as a whole, particularly Paragraph 10, which unequivocally stated that, upon the closing, the SCWA shall "[a]ssume operation and responsibility for the water supply and distribution system outside of the Village of Greenport, at its sole cost".

We find, however, that the Supreme Court should have directed the Village to refund the amount of $194,012, which represents the $2,570 per-unit connection fees that Costello paid in 1990 and the $2,162 per-unit connection fees that Moores Lane paid in 1994. The Village received $194,012 ($4,732 multiplied by the 41 units that are not yet built) for water hookups it never provided. Contrary to the Village's contention, it has failed to raise any triable issue of fact which would preclude the court from awarding a judgment without a hearing (*see,* CPLR 7804 [e]; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893; *Matter of Battaglia v Schuler,* 60 AD2d 759). The amount of the refund must therefore be increased, and we have modified the judgment accordingly.

The parties' remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.