■ CONTINENTAL INSURANCE COMPANY, as Subrogee of SAMIR BAG CORP., Plaintiff, v 115-123 WEST 29TH STREET OWNERS CORP., et al., Defendants. 115-123 WEST 29TH STREET OWNERS CORP., Third-Party Plaintiff-Respondent, v AFA PROTECTIVE SYSTEMS, INC., et al., Third-Party Defendants-Appellants. [713 NYS2d 36] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 2, 1998, which, *inter alia*, denied third-party defendants', AFA Protective Systems, Inc. (AFA) and Ready Alarm (Ready), motion for summary judgment dismissing the third-party complaint and all cross claims, and granted defendant and third-party plaintiff 115-123 West 29th Street Owners Corp.'s (Owners Corp.) cross motion to the extent that it sought to amend the third-party complaint to assert claims as an alleged third-party beneficiary of the contractual relationship between AFA and Ready, unanimously reversed, on the law, without costs, the third-party defendants' motion granted and the complaint dismissed to the extent it seeks damages in excess of the amount permitted by the

exculpatory provision of the service contract between Ready and Owners Corp., and defendant and third-party plaintiff's cross motion denied in its entirety. Appeal from order, same court and Justice, entered on or about December 2, 1998, which, *inter alia*, denied the motion of AFA and Ready to renew, except to the extent of permitting Owners Corp. further discovery, unanimously dismissed, without costs, as academic in light of the foregoing.

Owners Corp., a cooperative corporation which owns the building designated as 115-123 West 29th Street, New York, New York (the premises), entered into a service contract with Ready, a fire alarm company, for protective services for the premises. AFA, a fire alarm company related to Ready, actually serviced the premises although no contract existed between AFA and Owners Corp. Plaintiff Continental Insurance Company is the subrogee of Samir Bag Corp., a building tenant, and commenced the underlying action for water damage arising from an incident in which the fire alarms allegedly malfunctioned. Owners Corp. thereafter commenced the third-party action against AFA and Ready.

Paragraph 13 of the service contract provides, in relevant part, that "IF READY SHOULD BE FOUND LIABLE FOR LOSS OR DAMAGE DUE TO A FAILURE OF SERVICE IN ANY RESPECT, *ITS LIABILITY SHALL BE LIMITED TO A SUM EQUAL TO TEN PERCENT OF THE ANNUAL SERVICE CHARGE OR $250, WHICHEVER IS GREATER,* AND THAT THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY IF LOSS OR DAMAGE, IRRESPECTIVE OF CAUSE OR ORIGIN, RESULTS DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY THIS CONTRACT *OR FROM NEGLIGENCE OF ANY DEGREE, ACTIVE OR OTHERWISE, OF READY, ITS AGENTS OR EMPLOYEES, OR ANY SUBCONTRACTOR OR THIRD PARTY.*" (Emphasis added.)

Although the order appealed from is silent with respect to the above-cited provision, this Court may search the record on appeal of a motion for summary judgment and grant relief where appropriate (*99 Realty Co. v Eikenberry*, 242 AD2d 215, 217; *Tele-Pac, Inc. v Grainger*, 168 AD2d 11, 20, *lv dismissed* 79 NY2d 822). Moreover, it is well settled that absent ambiguity, the interpretation of a contract is a function of the court (*Matter of Moores Lane Dev. Corp. v Suffolk County Water Auth.*, 267 AD2d 460; *Finkelstein v Tainiter*, 264 AD2d 587).

In this matter, it is clear from the record that AFA, an entity related to Ready, performed work for Ready and falls within the category of "any subcontractor or third party" as referred to in the exculpatory clause of the agreement. That same clause

restricts Ready and AFA's liability as provided therein. In light of the foregoing, the parties' remaining arguments are rendered academic. Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.