■ DAVID N. SMITH, Respondent, v PIZZA HUT OF AMERICA, INC., et al., Respondents, and CBM & ASSOCIATES INTERNATIONAL, INC., Appellant, et al., Defendants. DAVID N. SMITH, Appellant, v PIZZA HUT OF AMERICA, INC., et al., Respondents, et al., Defendants. [734 NYS2d 127] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 15, 2001, which, in an action for personal injuries by an actor

hired to perform in a television commercial created by defendant BBD&O for defendant Pizza Hut and produced by defendant Headquarters, granted BBD&O's and Pizza Hut's motion for summary judgment dismissing all claims and cross claims as against them, granted Headquarters' motion to amend its answer to include the defense of workers' compensation as plaintiff's exclusive remedy, and denied Headquarters' motion for summary judgment dismissing the complaint as against it as barred by the Workers' Compensation Law, and judgment, same court and Justice, entered June 11, 2001, dismissing the complaint and cross claims asserted against BBD&O and Pizza Hut, unanimously affirmed, without costs.

Plaintiff, an actor in a TV commercial, alleges that he was directed to jump off a swivel-top barstool, and that he fell off the barstool before he was ready because its seat was wobbly. The action was properly dismissed as against BBD&O and Pizza Hut upon a record establishing that the barstool was provided by Headquarters; that Headquarters was an independent contractor responsible for all elements of the technical production, hiring all necessary personnel, including the director and actors, setting all shooting schedules and providing all equipment and props; and that plaintiff was directed to perform the stunt by the director (*see, Chainani v Board of Educ.*, 87 NY2d 370, 380-381). That BBD&O and Pizza Hut retained the right to approve the director engaged by Headquarters, attended auditions and were present on the set during the shoot, and retained a right of veto over the manner in which the commercial was being shot does not show anything more than general supervisory control over Headquarters' work insufficient for vicarious liability purposes (*see, Wright v Esplanade Gardens*, 150 AD2d 197, 198; *Santella v Andrews*, 266 AD2d 62, *lv denied* 94 NY2d 762; *see also, Lazo v Mak's Trading Co.*, 84 NY2d 896). Plaintiff's claim that the director may have been directed to include the stunt in the commercial in discussions that plaintiff observed him having with a "group" that may have included personnel from BBD&O and Pizza Hut is speculation. Plaintiff admits that he does not know who the persons in the group were or what they discussed.

In view of the foregoing, as well as plaintiff's deposition testimony that he received his instructions only from Headquarters' employees, and the employment contract between plaintiff and nonparty Talent Partners describing the latter, apparently a payroll processing company set up by BBD&O, as plaintiff's "employer of record for income tax and unemployment insurance purposes," there is potential merit to Head-

quarters' proposed defense that it was plaintiff's special employer and, as such, immune from general liability in accordance with the Workers' Compensation Law (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557). Accordingly, there being no showing by plaintiff of prejudice to him, Headquarters' motion to amend its answer to assert such defense was properly granted (*see, Lanpont v Savvas Cab Corp.*, 244 AD2d 208, 209-210). However, summary judgment based on such defense was properly denied, there being an issue of fact as to whether plaintiff was Headquarters' special employee (*see, Thompson v Grumman Aerospace Corp., supra; Gannon v JWP Forest Elec. Corp.*, 275 AD2d 231, 232). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Marlow, JJ.