■ Emilio Crespo, Respondent, v City of New York et al., Defendants, and Dormitory Authority of the State of New York et al., Respondents, and TDX Construction Corporation, Defendant and Third-Party Plaintiff-Appellant. S&P Construction Management, Inc., et al., Third-Party Defendants-Respondents. [756 NYS2d 183] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered on or about April 2, 2002, which, insofar as appealed from as limited by the brief, denied the cross motion of third-party plaintiff TDX Construction Corporation (TDX) for summary judgment upon its claim for contractual indemnification against third-party defendant S&P Construction Management, Inc. (S&P), and order, same court (Stanley Green, J.), entered July 2, 2002, which, inter alia, denied that portion of TDX's motion for summary judgment declaring that third-party defendant Nationwide Property & Casualty Insurance Co. (Nationwide) is obligated to indemnify it, unanimously affirmed, without costs.

This case arises out of plaintiff's fall from a ladder that was placed on top of a scaffold. The motion court correctly found that there is a triable issue of fact as to whether construction manager TDX was negligent in failing to obviate the hazard alleged to have caused plaintiff's harm and, thus, as to whether it is entitled to indemnification from S&P. A TDX superintendent testified that, one week before plaintiff's accident, he told S&P (plaintiff's employer) that the use of a ladder on top of a scaffold was unsafe. This directive respecting the precise hazard alleged to have caused plaintiff's injury is indicative of more than general supervisory control by TDX and precludes,

at this juncture, any legal conclusion that TDX was free from negligence (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 353 [1998]; *Squires v Robert Marini Bldrs.*, 293 AD2d 808, 809 [2002], *lv denied* 99 NY2d 502 [2002]).

The denial of that portion of TDX's motion for summary judgment seeking a declaration that Nationwide is obliged to indemnify it was also proper. The additional insured endorsement pursuant to which indemnification from Nationwide is sought states that the insurance "with respect to [TDX] applies only to the extent that [TDX] is held liable for [S&P's] acts or omissions." Inasmuch as it has not yet been determined whether plaintiff's harm was caused by negligence by S&P, and it remains possible that the trier of fact will find that plaintiff's harm was caused by negligence by TDX, it cannot now be determined whether TDX's claim falls within the subject additional insured endorsement (*see Brookhaven Mem. Hosp. Med. Ctr. v County of Suffolk*, 155 AD2d 404, 406 [1989]). Although TDX contends that it is entitled to indemnification because Nationwide did not issue a timely disclaimer, if a claim falls outside the scope of an insurance policy's coverage portion, as TDX's claim may, disclaimer pursuant to Insurance Law § 3420 (d) is unnecessary (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). Concur—Mazzarelli, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.