STEFANIE RABEN, Appellant, v THE CONDE NAST PUBLICATIONS, INC., et al., Respondents, et al., Defendants. THE CONDE NAST PUBLICATIONS, INC., et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Plaintiff, v WILLARDT PHOTOGRAPHY & FILM, Sued Herein as WILLIARDT PHOTOGRAPHY & FILM, et al., Third-Party Defendants-Respondents. [767 NYS2d 440]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 29, 2002, which granted the respective summary judgment motions of defendants Conde Nast Publications, Inc. and Advance Magazine Publishers, Inc. and of third-party defendants Willardt Photography & Film and Kent Pill, and dismissed the complaint in its entirety, unanimously affirmed, without costs.

Plaintiff, a model, sustained injury in a fall from a bicycle during the course of a photography session. Since defendant publishers did not control the manner in which third-party defendants carried out the photography assignment, they are not subject to liability for injury caused by any negligence of independent contractors (Kleeman v Rheingold, 81 NY2d 270, 273 [1993]; Rosenberg v Equitable Life Assur. Socy., 79 NY2d 663, 668 [1992]). Although a determination as to control typically involves a question of fact, the issue may properly be resolved as a matter of law where the evidence presents no conflict (Melbourne v New York Life Ins. Co., 271 AD2d 296, 297 [2000]). The contract between defendant publishers and the photographer specifies that he is an independent contractor, and the testimony demonstrates that while he undertook to achieve an agreed result, he was not subject to the publishers' direction with respect to the means employed to perform the assigned work (see Berger v Dykstra, 203 AD2d 754 [1994], lv dismissed 84 NY2d 965 [1994]). Finally, the record does not support plaintiff's claim that the work which the photographer was hired to perform was inherently dangerous. Any hazard that

might have been present was not "readily forseeable" from the nature of the photography work contracted for (*Wright v Tudor City Twelfth Unit*, 276 NY 303, 307 [1938]). Rather, the accident was the result of " 'more or less usual negligence' " (*MacDonald v Heuer*, 253 AD2d 795, 796 [1998], quoting Prosser and Keeton, Torts § 71, at 514 [5th ed]). Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.