OPINION OF THE COURT
James D. Pagones, J.
*771 The petitioner in this proceeding instituted pursuant to CPLR article 78 moves for an injunction preventing respondent Village from conveying an easement to respondent Furey and enjoining Furey from performing any work on said property. The relevant facts are not in dispute on this application. On or about September 10, 1957, a subdivision map for the St. John Development was filed with the Office of the Dutchess County Clerk. That map delineated streets intended to provide access to the various subdivision lots. One of those streets was known as Hy-Vue Terrace. By deed dated October 16, 1962, the streets and roads in the subdivision were conveyed to the Village of Millerton. The Village concedes that Hy-Vue Terrace “has not been officially constructed or maintained by the Village of Millerton.” In January 2003, the petitioner purchased two lots in the St. John Development, both of which front on Hy-Vue Terrace. Approximately six months later, respondent Furey obtained sketch plan approval for a proposed subdivision from the Town of Northeast Planning Board. Respondent Furey then undertook to obtain access to one of the lots in his subdivision via Hy-Vue Terrace. Before respondent Village had granted Mr. Furey access to the lot in question, the Town of Northeast Planning Board presented a proposed subdivision map at a public hearing indicating that access to lot No. 5 would be granted via Hy-Vue Terrace in the Village of Millerton. At a monthly Village Board meeting held on August 18, .2003, the Village Board agreed, without enacting a resolution, to allow Mr. Furey access as indicated on the proposed subdivision map. Thereafter, on September 11, 2003, the Town of Northeast Planning Board gave final subdivision approval and the subdivision map was subsequently filed with the Clerk of Dutchess County. After receiving final subdivision approval, Mr. Furey undertook to obtain an easement from the Village of Millerton consistent with their agreement to grant him access as proposed in his subdivision map. Various discussions took place at public meetings during which various environmental and other issues were raised. At a Village Board meeting held on June 20, 2005, the trustees passed a resolution “to allow [Furey] the right of way and help prepare the right of way agreement and accept the restrictions.” The resolution referred to restrictions in a deed prepared and submitted by Furey’s áttorney at that meeting. The restrictions referred to in the resolution are that the premises may not be further subdivided and may only have one single-family dwelling with customary accessory structures on it and that the premises may not be used for any commercial purposes, except home occupations as allowed by the zoning law *772 of the Town of Northeast. Neither the resolution nor the deed provide any details as to how the subject access road will be constructed or maintained.
The respondents have submitted a verified answer in response to the instant petition in which they assert several affirmative defenses. First, the respondents contend that the petition fails to state any cause of action against the Village. Second, the respondents contend that the petition has failed to establish a violation of the State Environmental Quality Review Act (SEQRA) by respondents, and third, that the petition fails to establish that respondents’ actions were arbitrary and capricious. In order to prevail on a motion for a preliminary injunction, the movant must show a likelihood of ultimate success on the merits, that he will suffer irreparable injury absent the preliminary injunction, and that the balance of the equities is in his favor. (Aetna Ins. Co. v Capasso, 75 NY2d 860 [1990].) In order to sustain its burden to establish likelihood of success on the merits, a movant must demonstrate a clear right to relief which is plain from the undisputed facts. (Dental Health Assoc. v Zangeneh, 267 AD2d 421 [2d Dept 1999].)
The respondents contend that there was no requirement for the Village to engage in a SEQRA review prior to granting the subject easement because it was an “official act[ ] of a ministerial nature involving no exercise of discretion . . . where issuance is predicated solely on the applicant’s compliance or noncompliance with the relevant local building or preservation code.” (6 NYCRR 617.5 [c] [19].) The respondents do not contend that the action taken by the Board otherwise could be classified as a type II action not requiring SEQRA review. I find, as a matter of law, that the grant of an easement to a private citizen to construct an access on a public way is not a ministerial act as envisioned within the exemption of 6 NYCRR 617.5 (0 (19).
The Court of Appeals has observed:
“The Legislature has declared that ‘The maintenance of a quality environment for the people of this state that at all times is healthful and pleasing to the senses and intellect of man now and in the future is a matter of statewide concern’ (ECL 8-0103, subd 1), that ‘to the fullest extent possible’ statutes should be administered by the State and its political subdivisions in accordance with the policies set forth in SEQRA and that environmental factors *773 should be considered in reaching decisions on proposed projects (ECL 8-0103, subds 6, 7).” (Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury, 55 NY2d 41, 45-46 [1982].)
The Court of Appeals has also held that:
“SEQRA’s primary purpose ‘is to inject environmental considerations directly into governmental decision making.’ The Legislature’s intent is reflected in the statute, which requires that ‘social, economic, and environmental factors [ ] be considered together in reaching decisions on proposed activities’ (ECL 8-0103 [7]). The procedures necessary to fulfill SEQRA review are carefully detailed in the statute and its implementing regulations (see ECL 8-0101 — 8-0117; 6 NYCRR part 617), and we have recognized the need for strict compliance with SEQRA requirements.” (Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie, 3 NY3d 508, 515 [2004] [citations omitted].)
It cannot be argued that the type of activity which is the subject of this proceeding, i.e., the granting of an easement over a municipal paper road, is a type I action under the regulations. Nor is the conduct a type II action. Instead, this action is an unlisted action and requires the court’s analysis as to whether SEQRA review is appropriate. By granting the easement for access over a roadway that respondents concede has never “been officially constructed or maintained by the village,” the Town Board committed itself to a definite course of future decisions. Specifically, decisions as to the manner in which the road and access will be constructed and maintained will have to be made. These decisions necessarily implicate SEQRA review. By granting an easement prior to SEQRA review and without specific conditions as to the manner of construction and maintenance, the board has improperly circumvented the legislative mandate that “ ‘consideration must be given at the earliest possible time (ECL 8-0109, subd 4) to the impacts which “may be reasonably expected to result from the proposed action” (6 NYCRR 617.12 [a]).’ ” (Briody v Village of Lewiston, 188 AD2d 1017, 1018 [4th Dept 1992].)
A proceeding under CPLR article 78 partakes of the character of a motion for summary judgment, in which the court must determine whether or not there is a triable issue of fact (CPLR 7804 [h]; Matter of Gagnon v Board of Educ. of Manhasset Union Free School Dist., 119 AD2d 674 [2d Dept 1986]).
*774 The respondents have submitted an answer to the instant petition. The respondents’ verified answer and their submissions in response to the petitioner’s motion for a preliminary injunction fail to raise any triable issue of fact which would preclude the court from awarding a judgment without a hearing. (Matter of Moores Lane Dev. Corp. v Suffolk County Water Auth., 267 AD2d 460 [2d Dept 1999].)
Therefore, it is ordered that the instant petition is granted and the determination of the respondent Village of Millerton Board of Trustees, dated June 23, 2005, which authorized an agreement to convey an easement to respondent Brian Furey, is annulled, vacated and set aside.