■ JOHN GOODWIN, Respondent, v COMCAST CORPORATION et al., Appellants, and SUSAN HELLER, Respondent. [840 NYS2d 781]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered October 12, 2006, which denied Comcast Corporation's and Outdoor Life Network's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted, the complaint dismissed as against the moving defendants and, upon a search of the record, the cross claim of codefendant Susan Heller dismissed against the moving defendants as well. The Clerk is directed to enter judgment accordingly.

As a general rule, a principal is not liable for the acts of an independent contractor because principals ordinarily do not control the manner in which independent contractors, as opposed to employees of the principal, perform their work (*Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 [1995]; *Saini v Tonju Assoc.*, 299 AD2d 244, 245 [2002]). Control of the method and means by which work is to be performed, therefore, is a critical factor in determining whether a party is an independent contractor or an employee for the purposes of tort liability (*Harjes v Parisio*, 1 AD3d 680, 680-681 [2003], *lv denied* 1 NY3d 508 [2004]; *Berger v Dykstra*, 203 AD2d 754 [1994], *lv dismissed and denied* 84 NY2d 965 [1994]). While such determination typically involves a question of fact (*Malamood v Kiamesha Concord*, 210 AD2d 26 [1994]; *Lazo v Mak's Trading Co.*, 199 AD2d 165, 166 [1993], *affd* 84 NY2d

896 [1994]), in those instances where the evidence on the issue of control presents no conflict, the matter may properly be determined by the court as a matter of law (*Zedda v Albert*, 233 AD2d 497, 498 [1996]; *Lazo v Mak's Trading Co.*, 199 AD2d at 166). Moreover, the mere retention of general supervisory powers over an independent contractor cannot form a basis for the imposition of liability against the principal (*Melbourne v New York Life Ins. Co.*, 271 AD2d 296, 297 [2000]; *Santella v Andrews*, 266 AD2d 62, 63 [1999], *lv denied* 94 NY2d 762 [2000]).

In the matter at bar, both plaintiff and Heller testified that Heller: had control over the physical details of the photo shoot and was directing plaintiff at the time of the accident; told plaintiff where to stand and how to move; and was in charge of the film crew. Moreover, Outdoor Life's producer was not even present during the filming of plaintiff's sequence. The foregoing shows nothing more than the most general supervisory control and, in our view, cannot be the basis for imposing liability against the corporate defendants (*see Raben v Conde Nast Publs.*, 2 AD3d 117 [2003]; *Smith v Pizza Hut of Am.*, 289 AD2d 48 [2001]).

In addition, other factors relevant to our determination include the fact that plaintiff was paid after submitting invoices, which bore the legend "[a] 20% late fee will be charged on all invoices over 30 days," neither of which suggests that plaintiff had the status of an employee (*Harjes v Parisio*, 1 AD3d at 681).

Finally, we exercise our power to search the record on a motion for summary judgment (*Ween v Dow*, 35 AD3d 58, 62 [2006]; *Continental Ins. Co. v 115-123 W. 29th St. Owners Corp.*, 275 AD2d 605, 606 [2000]) and dismiss Heller's cross claim against the corporate defendants as the record is barren of any evidence that plaintiff's injuries "were caused by the active, affirmative and primary negligence" of Comcast or Outdoor Life. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.