■ RICHARD MARZEC, Appellant, et al., Plaintiff, v CITY OF NEW YORK et al., Defendants, and AMSTERDAM & 76TH STREET ASSOCIATES, LLC, et al., Respondents. [24 NYS3d 276]—

Order, Supreme Court, New York County (Frank Nervo, J.), entered August 19, 2014, which granted the motion of defendants Amsterdam & 76th Street Associates, LLC, Related Amsterdam & 76th Street Associates, LLC (collectively Amsterdam), and Monadnock Construction, Inc. (Monadnock) for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Plaintiff alleges that he was walking on a pedestrian walkway adjacent to a construction site, when a worker from the site assaulted him without provocation. Although the assailant was an employee of a nonparty security company retained to secure the premises, he was assuming the non-security-related duties of a "flagman" at the time of the accident. Plaintiff commenced this action against, inter alia, landowners Amsterdam and construction manager Monadnock asserting claims sounding in premises liability, respondeat superior, negligent hiring, and negligent supervision, but on appeal, argues only that triable issues of fact exist as to whether Monadnock may be held vicariously liable as a special employer of the assailant.

The court properly dismissed the claim, as the evidence shows that Monadnock did not have sufficient control over the assailant's flagman duties so as to give rise to a special relationship between the parties (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]). Monadnock's construction supervisor testified that nonparty subcontractor was responsible for supplying flagmen to redirect pedestrian traffic at the time of the incident, and that while he would direct subcontractors to ensure that flagmen were supplied, he would not direct how many flagmen were to be provided, where to post them, or who were to be delegated the duties. Under these circumstances, any control by Monadnock over the flagmen's responsibilities were only general supervisory powers, as opposed to control over the means and method of the work, which is insufficient to form the basis for liability against Monadnock (*see Lazo v Mak's Trading Co.*, 84 NY2d 896 [1994]; *Goodwin v Comcast Corp.*, 42 AD3d 322 [1st Dept 2007]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.