■ SYDNEY STUTTERHEIM, Plaintiff, v FIRST SHOT PRODUCTIONS et al., Respondents, and EXIT CREATIVE COMPANY, LLC, Appellant, et al., Defendant. [29 NYS3d 20]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 6, 2015, which denied defendant Exit Creative Company, LLC's (Exit) motion for summary judgment dismissing the complaint and all cross claims against it, unanimously

modified, on the law, to dismiss defendant First Shot Productions' contractual indemnification cross claim as against defendant Exit, and otherwise affirmed, without costs.

The motion court properly denied Exit's motion for summary judgment because there is an issue of fact as to whether Exit maintained a degree of control over the commercial filming on which plaintiff was injured. Exit and its principal and executive director, Damian Totman, are alleged to have conceived of the idea for the commercial, to have chosen the site for the commercial, and to have been present at the filming for the commercial. On the set, Totman is alleged to have had some authority over the entire production, and to have been involved in deciding which persons would ride the skateboard and the final location of the shot. Further, the record raises a question as to whether it was part of Totman's responsibility to make sure the talent in the filming was going to be safe. Plaintiff testified that originally she was to skateboard alone on a flat surface, and decisions were made on set to have her ride downhill together with a stunt double instead.

Unlike the cases cited by Exit (*see e.g. Raben v Conde Nast Publs.*, 2 AD3d 117 [1st Dept 2003]; *Smith v Pizza Hut of Am.*, 289 AD2d 48 [1st Dept 2001]), here the record presents an issue of fact regarding whether Exit exercised more than general supervisory control. Thus, dismissal of the complaint against Exit would be inappropriate (*see generally Crespo v City of New York*, 303 AD2d 166 [1st Dept 2003]; *Wright v Gorman-Multimedia Communications*, 268 AD2d 218 [1st Dept 2000]).

However, as no contract exists between Exit and First Shot and First Short fails to address the issue on appeal, defendant First Shot's contractual indemnification claim as against defendant Exit is dismissed. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.