Tekton Bldrs. LLC v 1232 S. Blvd LLC (2020 NY Slip Op 01389)





Tekton Bldrs. LLC v 1232 S. Blvd LLC


2020 NY Slip Op 01389


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11144 22310/17E

[*1] Tekton Builders LLC, Plaintiff-Respondent,
v
1232 Southern Blvd LLC, et al., Defendants, TEC Building Consultants Inc., et al., Defendants-Appellants.


Smith, Gambrell & Russell, LLP, New York (Michael P. Regan of counsel), for appellants.
Pepper Hamilton LLP, New York (Emily D. Anderson of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 16, 2019, which, to the extent appealed from, denied the motion of defendants TEC Building Consultants Inc. (TEC) and Timothy Vetrero to dismiss the third cause of action alleging tortious interference with prospective economic advantage and contract, unanimously affirmed, without costs.
Defendant 1232 Southern Blvd LLC (Owner) entered into a contract with plaintiff to act as construction manager for the construction of a charter school. TEC was engaged by Owner to act as its representative on the project, which included reviewing payment requisitions submitted by plaintiff, evaluating the subcontractors' performance and advising Owner on all aspects of the project; Vetrero was TEC's CEO. Plaintiff was ultimately terminated before the completion of the project.
The third cause of action states a claim for tortious interference with contract against TEC and Vetrero. The complaint alleges a valid contract between plaintiff and Owner; TEC and Vetrero's knowledge of the contract; TEC and Vetrero's intentional procurement of a breach by Owner by improperly failing to promptly pay invoices and approve change orders, thereby interfering with plaintiff's ability to meet contract deadlines and its relationship with its subcontractors; a breach of the contract by Owner in terminating plaintiff; and damages (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]).
The court properly rejected TEC and Vetrero's claim that the complaint alleges nothing more than that they acted as an agent for Owner. It is true that an agent cannot be held liable for inducing a principal to breach a contract with a third party where the agent was acting on behalf of the principal and within the scope of the agent's authority (see Devash LLC v German Am. Capital Corp, 104 AD3d 71, 79 [1st Dept 2013], lv denied 21 NY3d 863 [2013]). Here, however, the third cause of action alleges that TEC and Vetrero's conduct was motivated by a "vendetta" that resulted from a dispute with plaintiff in connection with a prior project, and that they made false statements to Owner about plaintiff. Presuming the allegations to be true, as we must, on this motion to dismiss (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), such conduct was wrongful and supported a claim that TEC and Vetrero were acting outside the scope of their authority and in furtherance of their own interests.
The complaint also states a claim for tortious interference with prospective economic relations against TEC and Vetrero. Plaintiff sufficiently alleges that subcontractors would have entered into future contracts with plaintiff but for their alleged misconduct in delaying payment and making false statements about plaintiff to them (see Carvel Corp. v Noonan, 3 NY3d 182, 190-192 [2004]; Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [1st Dept 2002].
The third cause of action also states a claim against Vetrero individually. Plaintiff [*2]sufficiently alleged that Vetrero personally executed the vendetta against it, and was not acting within the scope of his duties when he delayed or refused to pay valid invoices and approve change orders, in an effort to exact revenge because of a dispute on another project (compare Bonanni v Straight Arrow Publs., 133 AD2d 585, 586-587 [1st Dept 1987]).
We have considered TEC and Vetrero's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK