Isa Realty Group, LLC v Lamar Adv. Co. (2021 NY Slip Op 02459)





Isa Realty Group, LLC v Lamar Adv. Co.


2021 NY Slip Op 02459


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 652724/18 Appeal No. 13661 Case No. 2020-03740 

[*1]Isa Realty Group, LLC, Plaintiff-Respondent,
v
Lamar Advertising Company, Defendant-Appellant.


Koutsoudakis & Iakovou Law Group PLLC, New York (Ralph E. Preite of counsel), for appellant.
Koffsky Schwalb LLC, New York (Steven A. Weg of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 20, 2020, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the amended complaint, unanimously modified, on the law, to grant the motion as to the cause of action for unjust enrichment and as to the cause of action for breach of contract based on the sign on the side faÇade of 566 Seventh Avenue, and otherwise affirmed, without costs.
Defendant failed to establish prima facie that it designated information as confidential or proprietary with respect to the front (as opposed to side, or southern) faÇade of the building (see e.g. Pullman v Silverman, 28 NY3d 1060, 1062 [2016]). It merely submitted an affidavit that none of the emails or attachments it received from plaintiff were "marked confidential or proprietary." However, the parties' nondisclosure agreement (NDA) says that Confidential Information may be "designated in writing or verbally." Defendant did not submit an affidavit that plaintiff never verbally designated information as confidential or proprietary. Nevertheless, we narrow the breach of contract cause of action, as indicated, because the confidential information was the design for the sign on the front side of the building only.
Defendant contends that the photos/mockups that plaintiff sent it were not plaintiff's information; rather, they were created by Daktronics Inc. and are therefore Daktronics's property. However, the NDA does not require plaintiff to have created the Confidential Information; it merely says, "'Confidential Information' means all confidential or proprietary information disclosed or made available by the Disclosing Party to the Receiving Party, which is designated in writing or verbally as confidential or propriety [sic] information" (emphasis added). In any event, plaintiff worked with Daktronics before it reached out to defendant. As plaintiff contends, defendant's supposition that plaintiff did not have Daktronics's permission to share the renderings that plaintiff developed with Daktronics is unsupported.
Defendant established prima facie that it independently developed a sign for the front of the building, which is one of the carve-outs (1d) to the definition of "Confidential Information." However, plaintiff raised an issue of fact by showing that the existing sign resembles its design rather than defendant's.
Defendant contends that the photos showing both an upper and lower part to the sign on the front of the building fall within carve-out 1b because they were sent by plaintiff before defendant signed the NDA. However, carve-out 1b excludes information that "was in the possession of the Receiving Party prior to disclosure to the ReceivingParty by the Disclosing Party," not "prior to the execution of the NDA."
Defendant's argument that the NDA is unenforceable because it does not specify a finder's fee is unavailing, as plaintiff is not seeking [*2]a finder's fee.
The damages sought by plaintiff satisfy the requirements set forth in Ashland Mgt. v Janien (82 NY2d 395, 403 [1993]); they are not unduly speculative.
The unjust enrichment claim must be dismissed because of the existence of the NDA (see Georgia Malone & Co., Inc. v E&M Assoc., 163 AD3d 176, 188 [1st Dept 2018]). Unjust enrichment "is available only in unusual situations when the defendant has not breached a contract nor committed a recognized tort" (Maya NY, LLC v Hagler, 106 AD3d 583, 585 [1st Dept 2013]).
Defendant contends that the claim for tortious interference with prospective economic advantage should be dismissed because defendant did not commit a crime or an independent tort (see e.g. Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]). However, depositions — which have not yet occurred — may show that defendant made false statements about plaintiff to EBM, leading to the breakdown of negotiations between EBM and plaintiff. Such false statements would satisfy the requirement of wrongful conduct (see Tekton Bldrs. LLC v 1232 S. Blvd LLC, 180 AD3d 616, 617 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021