Grocery Leasing Corp. v P&C Merrick Realty Co., LLC (2021 NY Slip Op 04702)





Grocery Leasing Corp. v P&C Merrick Realty Co., LLC


2021 NY Slip Op 04702


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2020-03947
 (Index No. 707253/17)

[*1]Grocery Leasing Corp., respondent, 
v
P & C Merrick Realty Co., LLC, defendant, 104-16, LLC, et al., appellants.


Bruno, Gerbino, Soriano & Aitken, LLP, Melville, NY (Susan B. Eisner of counsel), for appellants. 
Kaplan Levenson, P.C., New York, NY (Steven M. Kaplan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants 104-16, LLC, and Golden Progress, Inc., appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered May 4, 2020. The order denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The relevant background facts are set forth in this Court's decision and order on related appeals (Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, ___ AD3d___ [Appellate Division Docket Nos. 2018-01875, 2018-04328; decided herewith]).
In addition, as relevant to this appeal, in January 2018, the plaintiff served an amended complaint without leave of court, after which the Supreme Court granted leave to the defendants 104-16, LLC, and Golden Progress, Inc. (hereinafter together the defendants), to move to dismiss. The defendants subsequently moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. Specifically, the defendants moved pursuant to CPLR 3211(a)(7) and (10) to dismiss the first cause of action, and pursuant to CPLR 3211(a)(7) to dismiss the second cause of action. In an order entered May 4, 2020, the court denied the motion. The defendants appeal.
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) and (10) to dismiss the first cause of action. A defendant can only move to dismiss a cause of action where that cause of action is actually asserted against the moving defendant (see CPLR 3211[a]). Here, the first cause of action, which alleged, among other things, breach of contract, was only asserted against the defendant P & C Merrick Realty Co., LLC (hereinafter P & C Merrick), under the express language of paragraph 26 of the amended complaint. Thus, the defendants are unable to seek dismissal of the first cause of action (see Municipal Serv. Real Estate Co. v D.B. & M. Holding Corp., 257 NY 423, 428-429).
The second cause of action alleged tortious interference with contract against the defendants. "On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within [*2]any cognizable legal theory" (Minico Ins. Agency, LLC v B & M Cleanup Servs., 165 AD3d 776, 776; see Leon v Martinez, 84 NY2d 83, 87-88). In opposition to a CPLR 3211(a) motion, "a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims. Though limited to that purpose, such additional submissions of the plaintiff, if any, will similarly be given their most favorable intendment" (Cron v Hargro Fabrics, 91 NY2d 362, 366 [citation and internal quotation marks omitted]; see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 830).
"The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d 808, 814). "Further, the plaintiff 'must specifically allege that the contract would not have been breached but for the defendant's conduct'" (Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co., 190 AD3d 807, 810, quoting Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036 [internal quotation marks omitted]; see Burrowes v Combs, 25 AD3d 370, 373). Here, assuming that the facts alleged in the amended complaint are true and affording the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the Supreme Court properly determined that the second cause of action, while "somewhat inartfully drafted," adequately alleges that the plaintiff sustained damages when the defendants intentionally and improperly interfered with the lease between the plaintiff and P & C Merrick, and aided P & C Merrick in its breach of the contract. Thus, the second cause of action states a legally cognizable cause of action alleging tortious interference with the contract (see Tekton Bldrs. LLC v 1232 S. Blvd LLC, 180 AD3d 616, 616-617; cf. Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036).
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court