Rodriguez v Manhattan Restoration LLC (2024 NY Slip Op 06315)

Rodriguez v Manhattan Restoration LLC

2024 NY Slip Op 06315

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 31677/18 Appeal No. 3270 Case No. 2024-02286 

[*1]Francisco Rodriguez, Plaintiff-Appellant,
v
Manhattan Restoration LLC, Defendant-Respondent, TMF Construction LLC, Defendant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kenneth J. Gorman of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Edward M. Tobin of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered September 25, 2023, which, to the extent appealed from as limited by the briefs, granted defendant Manhattan Restoration LLC's motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
Plaintiff alleges that while he was working on a construction project at a building owned by his employer, he was physically attacked by an employee of defendant TMF Construction LLC. TMF, a subcontractor on the project, had been hired by defendant Manhattan Restoration LLC, the general contractor, to perform carpentry finishing work.
Plaintiff failed to establish a prima facie case of negligent hiring, negligent supervision, and negligent retention against Manhattan Restoration, as the assailant did not work for Manhattan Restoration and the record does not raise any triable issue as to whether Manhattan Restoration is vicariously liable for the assailant's actions. It is undisputed that the assailant worked for TMF, not Manhattan Restoration, and that TMF hired the assailant and directed his work. Although Manhattan Restoration exercised general supervisory authority over the construction project, that type of general authority is not enough to confer liability on Manhattan Restoration for the actions of TMF's employee (see Marzec v City of New York, 136 AD3d 410, 410 [1st Dept 2016]). In any event, even if vicarious liability were possible under the circumstances, there is no basis for liability under a respondeat superior theory, as the assailant's act was not in furtherance of any contracting business nor was it within the scope of the assailant's employment (see Adams v New York City Tr. Auth., 211 AD2d 285, 294 [1st Dept 1995], affd 88 NY2d 116 [1996]).
Moreover, plaintiff's proof failed to raise a triable issue regarding whether Manhattan Restoration had a duty to keep the work premises safe, as Manhattan Restoration did not own the property and did not exercise anything more than general supervisory authority over the site (see Broderick v Cauldwell-Wingate Co., 301 NY 182, 187 [1950]).
Plaintiff also did not offer evidence showing that Manhattan Restoration knew or should have known of the assailant's violent propensities (see White v Hampton Mgt. Co. L.C.C., 35 AD3d 243, 244 [1st Dept 2006]). Although plaintiff had made verbal complaints to other workers and to his supervisors regarding the assailant's troubling behavior, he did not show that Manhattan Restoration knew of any aggressive tendencies (compare Gupta v YM Pro Corp.,220 AD3d 442, 442 [1st Dept 2023] [finding issue of fact where defendant employer knew of assailant's "aggressive attitude" and "hostility"]).
We reject plaintiff's argument that his expert raised a triable issue as to whether Manhattan Restoration's failure to hire a safety manager for the project, as required by 1 RCNY 3301-02, constituted a proximate cause of his injuries. The argument is speculative and in any event [*2]is unsupported by the record.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024