| |
|---|
| **Fizz Social Corp. v Flower Ave, Inc.** |
| 2025 NY Slip Op 31447(U) |
| April 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654292/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**    PART    11M

_Justice_

-----------------------------------------------------------------------------X

FIZZ SOCIAL CORP.

                          Plaintiff,

                   - v -

FLOWER AVE, INC. D/B/A SIDECHAT AND/OR YIK YAK,

                       Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654292/2024 |
| MOTION DATE | 10/16/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11 were read on this motion to/for                 DISMISS              .

       Upon the foregoing documents, defendant's motion is denied.

## Background

       Fizz Social Corp. ("Plaintiff") is a social media platform for college students that launched at Stanford in 2021. In the years since, it has been expanding and currently claims to be active at 240 colleges and universities. In 2022, Flower Ave, Inc. ("Defendant") created a rival social media platform under the name of Sidechat and later acquired the older platform Yik Yak. As part of the expansion process for college social media platforms, such companies often hire students as brand ambassadors, who attempt to drive up student engagement with the platforms. Common practices also include the use of other, more established and generalized social media platforms, such as Instagram, to advertise their company, and hosting launch events that offer giveaways and other incentives to garner student engagement. Given the necessarily limited body of potential customers, competition between college social media platforms can be fierce.

       Plaintiff alleges that Defendant's agents and employees have engaged in disruptive tactics that go beyond normal competitive behavior, amounting to tortious interference. Incidents

**654292/2024   FIZZ SOCIAL CORP. vs. FLOWER AVE, INC. D/B/A SIDECHAT AND/OR YIK YAK**      **Page 1 of 6**
**Motion No.  001**

1 of 6

[* 1]

that Plaintiff alleges include a brand ambassador for Defendant loudly chanting "Fizz has hackers" at one of Plaintiff's launch events, another employee impersonating a Questbridge Scholar in order to gain information on Plaintiff's planned expansions, sending false spam reports to Instagram in order to have accounts affiliated with Plaintiff suspended before launch events, and paying students to delete Plaintiff's app. Plaintiff brought the underlying proceeding in August of 2024, with one claim of tortious interference with prospective economic advantage, seeking damages and equitable relief.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

**654292/2024   FIZZ SOCIAL CORP. vs. FLOWER AVE, INC. D/B/A SIDECHAT AND/OR YIK YAK**          **Page 2 of 6**
**Motion No. 001**

2 of 6

[* 2]

Defendant brings the present motion to dismiss for failure to state a claim. They argue that the required elements have not been pled and that Plaintiff has not identified a prospective user who left Plaintiff's platform due to Defendant's alleged actions. The elements of a claim for tortious interference are "(1) business relations with a third party, (2) the defendant's interference with those business relations, (3) the defendant acted for the sole purpose of harming plaintiff or used wrongful means, and (4) injury to the business relationship." *Valkyrie AI LLC v. PriceWaterhouseCoopers LLP*, 233 A.D.3d 460, 462 (1st Dept. 2024). Plaintiff opposes the motion and argues that they have adequately pled all required elements and have presented sufficient facts in support of their claim at this stage. For the reasons that follow, defendant's motion is denied.

<u>*The Business Relationships with Third Parties Element Is Sufficiently Pled*</u>

The first element that Defendant argues Plaintiff failed to plead is the identification of business relationships with a third party. Defendant argues that Plaintiff must identify specific individuals that would have signed up with Plaintiff as an app user, absent Defendant's actions. Plaintiff argues that identification of the specific class of customers, i.e., the class of students at the specific universities that Fizz was seeking to recruit from, is sufficient. In *Tekton*, the First Department found a tortious interference claim was validly stated when a plaintiff alleged that subcontractors would have entered into future contracts with plaintiff had it not been for the defendants' actions. *Tekton Bldrs. LLC v. 1232 S. Blvd. LLC*, 180 A.D.3d 616, 617 (1st Dept. 2020). The complaint in that underlying action did not identify specific third parties by name, but merely referred to "clients, subcontractors, suppliers and/or potential subcontractors and suppliers." 2017 NY S. Ct. Pleadings LEXIS 38183, at *14. Here, the identification of specific

654292/2024   FIZZ SOCIAL CORP. vs. FLOWER AVE, INC. D/B/A SIDECHAT AND/OR YIK YAK          Page 3 of 6
Motion No.  001

3 of 6

[* 3]

groups of potential customers, such as U.C. Berkeley students, is sufficient to survive a motion to dismiss.

### *Plaintiff Has Sufficiently Pled Wrongful Means*

The next element that Defendant argues was insufficiently pled is the wrongful means. Defendant has several arguments in this regard, including: 1) that it cannot be held liable for the actions of independent contractors, such as brand ambassadors, and 2) the conduct complained of does not arise to the level of wrongful means. Plaintiff has alleged a variety of specific actions as part of a "campaign" to target Fizz, including yelling false claims about hackers near Plaintiff's launch event, falsely reporting accounts affiliated with Plaintiff as spam to Instagram in order to prevent potential users from taking advantage of a promotion Plaintiff was running that involved the use of Instagram, paying students to delete Plaintiff's app, and impersonating a fictitious student in order to gain information on the next schools Plaintiff was going to target.

To begin with, actions taken by the people hired by Defendant could form the basis for a tortious interference claim. While generally "a principal is not liable for the acts of an independent contractor", the question of whether an individual is an independent contractor for purposes of liability is a question of fact. *Goodwin v. Comcast Corp.*, 42 A.D.3d 322, 322 (1st Dept. 2007). A court may make such a determination only when "the evidence on the issue of control presents no conflict." *Id.*, at 323. Here, there has been no evidence provided as to the employment status of Defendant's agents, only allegations. Therefore, dismissal of the complaint on the grounds of employment status would be premature. And for the element of wrongful means, this aspect of tortious interference can include "physical violence, fraud, misrepresentation, civil suits, criminal prosecutions and some degree of economic pressure, but more than simple persuasion is required." Here, Plaintiff has alleged that Defendant's agents

**654292/2024   FIZZ SOCIAL CORP. vs. FLOWER AVE, INC. D/B/A SIDECHAT AND/OR YIK YAK**          **Page 4 of 6**
**Motion No.  001**

4 of 6

[* 4]

used misrepresentations in order to induce students to terminate business relations with the Plaintiff. This is sufficient to plead a cause of action for tortious interference.

Turning specifically to the incident at U.C. Berkeley, Defendant argues that Plaintiff has failed to connect Defendant to the reports to Instagram that got Plaintiff's page suspended, and that this would not constitute interference with the student body as third parties, but solely interference with Plaintiff's relationship with Instagram. Plaintiff alleges that Defendant was behind their page being blocked upon information and belief, given the similarities between that and the coordinated campaign to report Plaintiff to Instagram that occurred a few weeks prior to the Berkeley incident. A complaint is deemed to allege "whatever can be implied from its statements by fair and reasonable intendment." *Foley v. D'Agostino*, 21 A.D.2d 60, 65 (1st Dept. 1964). And allegations upon information and belief that are based on a prior pattern of behavior and concerning facts "peculiarly within defendants' knowledge" suffice to put parties on notice of the alleged wrongs. *Allenby, LLC v. Credit Suisse, A.G.*, 134 A.D.3d 577, 580 (1st Dept. 2015). Furthermore, based on the detailed factual allegations in the complaint, any improper reporting of Plaintiff to Instagram was intended to disrupt Plaintiff's promotion whereby Berkeley students who followed Plaintiff on Instagram and downloaded their app could receive merchandise. These actions were aimed at disrupting the Plaintiff's business relations with the Berkeley students, not Instagram. Plaintiff has sufficiently pled wrongful means. The Court has considered the defendant's other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that the motion to dismiss is denied.

654292/2024   FIZZ SOCIAL CORP. vs. FLOWER AVE, INC. D/B/A SIDECHAT AND/OR YIK YAK          Page 5 of 6
Motion No.  001

5 of 6

20250423093223LFRANK0DA2991B518D4587999477D49E7843B4

| 4/23/2025 | | | | | LYLE E. FRANK, J.S.C. | |
|-----------|---|---|---|---|------------------------|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|------------|---|---------------|-------|------------------------|---|
| | | GRANTED | **X** DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654292/2024   FIZZ SOCIAL CORP. vs. FLOWER AVE, INC. D/B/A SIDECHAT AND/OR YIK YAK**        **Page 6 of 6**
Motion No.  001

6 of 6